```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

KAREN CHAMBERS,              :    NO. 1:08-CV-00683
                             :
     Plaintiff,             :
                             :    **OPINION AND ORDER**
  v.                         :
                             :
HAMILTON COUNTY JOB AND      :
FAMILY SERVICES, et al.,     :
                             :
     Defendants.            :

This matter is before the Court on Defendants' Rule 12(c) Motion for Judgment on the Pleadings (doc. 13), Plaintiff's Response in Opposition (doc. 16), and Defendants' Reply (doc. 17). For the reasons indicated herein, the Court DENIES Defendants' Motion.

Plaintiff Karen Chambers ("Chambers") alleges that she began her employment with Hamilton County, Ohio government offices in 1994, in the Juvenile Court system (doc. 7). Chambers alleges she transferred to the Hamilton County Prosecutor's Office in 1999, and later to the Hamilton County Job and Family Services ("HCJFS"), where she worked as a paralegal (Id.). In September 2006, Chambers' father suffered a stroke, and she alleges Defendants denied her leave for the time she had to take off work to care for him (Id.). On May 25, 2007, Plaintiff alleges she received a call that her father was being rushed to the hospital, and on the same day Defendants terminated her employment for taking leave to care

for him (Id.).  In Count I of her Complaint, Chambers alleges Defendants unlawfully terminated her employment in violation of the Family and Medical Leave Act, ("FMLA") 29 U.S.C. § 2601 et seq. (Id.).  Plaintiff claims she has suffered damages due to Defendants' actions, and seeks reinstatement, lost pay, benefits, and interest, as well as damages, attorneys' fees and costs (Id.).

Defendants filed their Motion for Judgment on the Pleadings, arguing Plaintiff fails to allege she worked for the same employer for twelve months, as required by the FMLA (doc. 13). Plaintiff filed her Response (doc. 16), and Defendants their Reply (doc. 17), such that this matter is ripe for the Court's review.

**II. The Applicable Standard**

The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same de novo standard that is applicable to a motion to dismiss under Rule 12(b)(6) (See United Food and Commercial Workers Local 1099 v. City of Sidney, 364 F.3d 738, 745 (6th Cir. 2004) citing Ziegler v. IBP Hog Mkt., 249 F.3d 509, 11-12 (6th Cir. 2001)).  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th

Cir. 1976). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

Jones, 824 F.2d at 1103.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). A complaint must plead enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to

3

sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984), <u>quoting</u> <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).

**III. Discussion**

In Defendants' view, Plaintiff alleges she worked for HCJFS from December 2006 until her termination in May 2007, a period of only five or six months (<u>Id</u>.). Although Plaintiff also worked for the Hamilton County Prosecutor's Office prior to such time, Defendants argue under <u>Rollins v. Wilson County Government</u>, 154 F.3d 626 (6th Cir. 1998) that the two departments do not constitute the same employer because "the two entities have separate origins, functions, and management" (<u>Id</u>.). As such, Defendants argue the Court should dismiss Plaintiff's Complaint as Chambers is not an "eligible employee" within the meaning of the

4

FMLA (Id.).

Plaintiff responds that her employment in two different departments of Hamilton County is qualifying employment under Rollins, because the same human resources department manages the terms and conditions of employment (doc. 16). Plaintiff contends Defendants cannot establish the Prosecutor's Office has separate management, especially relating to employment and medical leave (Id.). Plaintiff argues specifically that Hamilton County Human Resources managed Plaintiff's classification and compensation, employee benefits, and policies and procedures applicable to her while working for HCJFS and the Prosecutor's Office (Id.). When she transferred to HJFS from the Prosecutor's Office, Plaintiff indicates she received credit for all vacation and sick days that she had earned while at the Prosecutor's Office (Id.). Finally, Plaintiff indicates the same personnel policy manual, which establishes the County's policies for medical leave falling under the FMLA, governed her employment at both departments (Id.).

Defendants reply that Plaintiff may not aggregate her time with the HCJFS and the Prosecutor's Office because although the Hamilton County Human Resources Department administers the benefits of both agencies, both are subject to different management (doc. 17). Defendants argue that the operational aspects of HCJFS and the Prosecutor's Office are distinct, and the entities have separate origins and functions such that Plaintiff is not an

5

eligible employee within the meaning of the FMLA (Id.).

Having reviewed this matter, the Court finds it defies logic and common sense to conclude that Plaintiff was not a county employee while working first for HCJFS and then later for the County Prosecutor. Defendants' argument would separate all county employees according to department and would deny employees benefits when they transfer from one department to another. Such theory is belied by the actual practice of the County of honoring sick leave and other benefits earned in one department upon transfer to another department. Moreover, the Court finds compelling that the same policy manual, with the same FMLA policy provisions, applied to Plaintiff at both HCJFS and the Prosecutor's Office. As such, Plaintiff was subject to the same management, within the meaning of Rollins, 154 F.3d 626 (6th Cir. 1998).

The Court concludes that Plaintiff's Amended Complaint adequately alleges she was a county employee starting in 1994 in the Juvenile Court system, later in the Prosecutor's Office, and most recently, in December 2006, at the HCJFS. The county employed Plaintiff, therefore, for twelve to thirteen years. Such time more than adequately qualifies Plaintiff as an eligible employee under the FMLA. Accordingly, the Court DENIES Defendants' Rule 12(c) Motion for Judgment on the Pleadings (doc. 13).

SO ORDERED.

Dated: March 24, 2009  /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge