```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

|                                   |   |                    |
|-----------------------------------|---|--------------------|
| KAREN CHAMBERS,                   : |   |                    |
|     Plaintiff,                    : |   | NO. 1:08-CV-00683  |
|     v.                            : |   | **OPINION AND ORDER** |
| HAMILTON COUNTY DEPARTMENT        : |   |                    |
| OF JOB AND FAMILY SERVICES,       : |   |                    |
| et al.,                           : |   |                    |
|     Defendant.                    : |   |                    |

This matter is before the Court on Defendants' Motion for Summary Judgment (doc. 22), Plaintiff's Response in Opposition (doc. 32), and Defendants' Reply (doc. 36). The Court held a hearing on this matter on December 2, 2009. For the reasons indicated herein, the Court DENIES Defendants' Motion.

**I. Background**

Plaintiff Karen Chambers ("Chambers") began her employment with Hamilton County, Ohio government offices in 1994, in the Juvenile Court system (doc. 7). Chambers transferred to the Hamilton County Prosecutor's Office ("HCPO") in 1999, and later to the Hamilton County Job and Family Services ("HCJFS"), where she worked as a paralegal (Id.). In September 2006, Chambers' father suffered a stroke, and she alleges Defendants denied her leave for the time she had to take off work to care for him (Id.). On May 25, 2007, Plaintiff received a call that her father was being

rushed to the hospital, she requested immediate leave from her supervisor Claire Corcoran, and within minutes Defendants presented her with termination documents (Id.). Plaintiff names as Defendants Hamilton County Job and Family Services, Hamilton County, Ohio, and the Hamilton County Board of County Commissioners (Id.). In Count I of her Amended Complaint, Chambers alleges Defendants unlawfully terminated her employment in violation of the Family and Medical Leave Act, ("FMLA") 29 U.S.C. § 2601 et seq. (Id.). Plaintiff claims she has suffered damages due to Defendants' actions, and seeks reinstatement, lost pay, benefits, and interest, as well as damages, attorneys' fees and costs (Id.).

On March 24, 2009 the Court denied Defendants' Motion for Judgment on the Pleadings, in which they argued Plaintiff did not qualify for FMLA protections because she had only been an employee of HCJFS for five or six months and thus had not worked for HCJFS for at least one year, as required by the FMLA (doc. 18). The Court found that because Plaintiff had been a county employee, having been employed by the county in other departments for twelve or thirteen years, she qualified as an eligible employee under the FMLA (Id.).

In the present motion, Defendants raise the issue again, contending they found evidence in discovery supporting their view that Plaintiff does not qualify for FMLA protection. In the alternative, Defendants argue the Court should certify to the Ohio

2

Supreme Court the question of whether the HCPO and the HCJFS qualify under state law as the same employer.

In the second portion of their motion, Defendants proffer a laundry list of performance issues they say justified Plaintiff's termination (doc. 22). Defendants essentially argue Plaintiff failed to follow directions, conducted personal business during work time, she was dishonest, and she let her work fall behind such that everyone else would have to do her work (Id.).

Plaintiff responds that under controlling precedent, because Ohio law is unclear on the issue, her employer for purposes of the FMLA was Hamilton County such that she qualifies for FMLA protection. In the alternative, Plaintiff contends she has raised a genuine issue of material fact as to whether HCJFS and the Prosecutor's Office are joint employers, and as to whether Defendants interfered with her use of leave time (doc. 22). Plaintiff further contends there is no dispute that she gave her employer notice of her intention to take leave, which was denied, and after which, her supervisor recommended her termination (Id.). Plaintiff argues the evidence is overwhelming that her termination was connected to her absences, as reflected in her termination documents and performance reviews. As such, Plaintiff argues she has established her prima facie case for interference with FMLA rights and for retaliation (Id.). Finally, Plaintiff contends she has established pretext, due to Defendants' shifting explanations

3

of the termination (Id.).

**II. The Summary Judgment Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Fatton v. Bearden, 8 F.3d. 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242 251-252 (1986) (internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying

4

those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Garino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1982); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. at 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the

5

jury could reasonably find for the [non-movant]." <u>Anderson</u>, 477 U.S. at 252; <u>see</u> <u>also</u> <u>Gregory v. Hunt</u>, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. <u>Moore v. Philip Morris Cos., Inc.</u>, 8 F.3d 335, 339-340 (6th Cir. 1993); <u>see</u> <u>also</u> <u>Celotex</u>, 477 U.S. at 324; <u>Guarino</u>, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." <u>Guarino</u>, 980 F.2d at 405, <u>quoting</u> <u>Inter-Royal Corp. v. Sponseller</u>, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. <u>See</u> <u>McDonald v. Union Camp Corp.</u>, 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970); <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the

6

motion.  See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute.  See Matsushita, 475 U.S. at 587.  The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate.  See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

**III. Discussion**

**A.  The Issue of Plaintiff's Eligibility for FMLA protection.**

The FMLA requires eligible employers to provide eligible employees up to twelve weeks of leave per year to care for a child, spouse, or parent with a "serious health condition."  29 U.S.C. § 2612(a).  Defendants argued at the hearing, and in their motion, that Plaintiff does not qualify as an eligible employee under 29 U.S.C. § 2611, which requires that she have been employed for at least 12 months so as to gain FMLA protection.  In Defendants' view, Plaintiff had only been employed by HCJFS for five or six months.  As such, Defendants argue the Court need not even reach the question whether Plaintiff has established a prima facie FMLA case.

Plaintiff responds that she was a county employee for seventeen years and therefore qualifies as an eligible employee under the analysis given in Rollins v. Wilson County Government,

7

154 F.3d 626 (6th Cir. 1998). In Rollins, argues Plaintiff, the Sixth Circuit established that state law determines the status of government entities only if it definitively resolves the issue (doc. 32, citing 154 F.3d at 629). Because the entities in question in the Rollins matter, a school system and a county finance department, were clearly separate entities under Tennessee law, Plaintiff contends the court properly found them to constitute separate employers. Here, by contrast, contends Plaintiff, Defendants have cited to no Ohio law definitively resolving the issue of whether the HCJFS and the HCPO constitute separate employers. As such, Plaintiff contends, the Court must look to the Census of Governments produced by the U.S. Bureau of Census (doc. 32, citing Lackey v. Jackson County, 104 Fed. Appx. 483, 487 (2006)). The Census of Governments, indicates Plaintiff, identifies Hamilton County as a public agency and lists neither the HCJFS nor the HCPO as such. Moreover, Plaintiff argues the Rollins court found appropriate an analysis of both the origins, functions, and management of entities in determining whether they were the same. Here, Plaintiff contends, the HCJFS, HCPO, and Hamilton County all derive from the same origin: state statute. By contrast, signals Plaintiff, the Rollins court found the entities derived from separate origin: the state constitution and state statute. Next, Plaintiff argues the Rollins court examined the functions of the two entities and found them different. Here,

8

argues Plaintiff, there is no dispute that the HCPO and the HCJFS were both administering the legal department for the child support enforcement agency—-a department that was transferred from the HCPO to the HCJFS. As such, contends Plaintiff, there is no dispute that the entities performed the identical function. Finally, Plaintiff argues the HCPO and HCJFS managed the legal department with shared input, as evidenced by the fact that the HCJFS took into consideration when measuring employee performance the HCPO personnel files and the history of performance of employees that transferred from the HCPO. As such, contends Plaintiff, taking all of these factors in consideration, the HCJFS and the HCPO are both part of the agency of Hamilton County, Ohio, and for purposes of FMLA constitute the same employer.

In the alternative, Plaintiff argues she has established a genuine issue of material fact as to whether HCJFS and the HCPO are joint employers for purposes of liability (doc. 32). Plaintiff argues that courts can find two entities joint employers when one acts as the agent for another, which then may be held liable as the plaintiff's employer (Id. citing Swallows v. Barnes & Noble Book Stores, 128 F.3d 990, 993 (6th Cir. 1997)). Plaintiff argues there is no dispute here that HCPO provided legal services regarding child support enforcement to HCJFS under a contract that provided control over HCPO in setting rules for case processing, hourly rates for employees, and stipulated services to be rendered (Id.).

9

As such, Plaintiff argues HCJFS exerted enough control over the HCPO so that a reasonable jury could find the entities joint employers through an agency relationship (Id.).

Defendants respond in their briefing that Ohio law shows that the HCPO and the HCJFS are separate employers, but that if the Court should find otherwise, it should certify the question to the Ohio Supreme Court (doc. 36). Defendants argue that under Ohio law the HCPO and HCJFS have separate functions, management, and authority to manage their own staff and fix compensation (Id.). Moreover, as the County Board of Commissioners and the Prosecuting Attorney are separately elected, Defendants argue they have separate origins (Id.). Consequently, in Defendants' view, state law is clear such that the Court need not look at the Census of Governments (Id.).

Having reviewed this matter, the Court finds the question of whether the two entities in question, the HCPO and the HCJFS, constitute separate employers under Ohio law sufficiently ambiguous so as to justify reference to the Census of Governments. Here there is no dispute that the exact same child support enforcement functions were conducted by both entities and that both entities have origin in state law. The Court further finds well-taken Plaintiff's position that the HCPO and HCJFS managed the legal department with shared input, as evidenced by the fact that the HCJFS took into consideration when measuring employee performance

the HCPO personnel files and the history of performance of employees that transferred from the HCPO. The Court finds that under these circumstances, for purposes of FMLA coverage eligibility, federal regulations require reference to the Census of Governments, which clearly lists Hamilton County as a public agency. 29 C.F.R. § 825.108(c)(1)("if there is any question about whether a public entity is a public agency, as distinguished from a part of another public agency, the U.S. Bureau of Census' 'Census of Governments' will be determinative. . .). There is no dispute that Plaintiff worked as a county employee for some 17 years. Under these circumstances, the Court finds Plaintiff qualifies for FMLA protection as an "eligible" employee, having worked for different parts of Hamilton County, the public agency listed in the Census of Governments. The Court need not engender delay in this matter by certifying the question to the Ohio Supreme Court, as the federal regulations are explicitly clear that "if there is any question," and here the facts raise a number of questions, such that the Census of Governments is determinative.

### B. Plaintiff's FMLA Case

Having determined that Plaintiff qualifies for FMLA protections, the Court next addresses the parties' arguments regarding whether she has adequate evidence to support her claims. An employer cannot limit or interfere with an employee's exercise of FMLA rights. 29 U.S.C. 2615. Nor can an employer retaliate

against an employee for having exercised FMLA rights. A <u>prima facie</u> case for FMLA retaliation requires a plaintiff to show 1) she availed herself of a protected right under the FMLA, 2) she was adversely affected by an employment decision, 3) there was a causal connection between the adverse action and the leave. <u>Skrjanic v. Great Lakes Power Serv. Co.</u>, 272 F.3d 309, 314 (6th Cir. 2001). Should the Plaintiff here succeed in establishing her <u>prima facie</u> case, the burden shifts to Defendants to articulate a legitimate non-discriminatory reason for the discharge. <u>Id</u>. at 315. If Defendants articulate such a reason, then Plaintiff must show the articulated reason is in reality a pretext to mask discrimination. <u>Id</u>.

Defendants argued at the hearing that facts in the record show they terminated Plaintiff for legitimate reasons, not for having invoked FMLA rights. Defendants argued Plaintiff failed in her job duty of updating computer data in child support cases and in timely preparing dockets for lawyers. Defendants further contend Plaintiff wasted time on personal matters, lied to a supervisor, was insubordinate, and failed to follow rules regarding signing in and out during the day when she was at work. In Defendants' view, expressed at the hearing, the burden is now Plaintiff's to show each one of its proferred legitimate reasons for terminating her were pretextual.

Plaintiff responded at the hearing that she has

12

established she took medical leave, and that her supervisor Claire Corcoran's documentation shows the justification for Plaintiff's termination reduced to poor attendance. Plaintiff further argued that Defendants are now asserting that attendance had nothing to do with the decision, which shows shifting reasons sufficient to establish an inference of pretext.

Defendants responded that everyone testified they believed Plaintiff was not eligible for FMLA benefits. As such, Defendants argued, it could not be pretextual to terminate Plaintiff when no one believed Plaintiff was entitled to such benefits in the first place.

Having reviewed this matter, the Court finds Plaintiff's position well-taken. The Court finds Plaintiff has adequately pleaded a prima facie case that Defendants violated the FMLA, that Defendants have proffered their justifications for terminating her, so that the analysis focuses on the question of pretext. The Court disagrees, however, with Defendants' argument that the burden is now Plaintiff's to show each one of its proffered legitimate reasons for terminating her were pretextual. At this stage, Plaintiff's burden is to show a genuine issue of material fact as to pretext such that a reasonable jury could find she was the victim of FMLA retaliation. Here, Plaintiff has shown evidence that she took leave to take care of her father, that her supervisor complained about her absences, and that on her final day of

13

employment Defendants terminated her within only minutes of her leave request.  Should a jury find Plaintiff credible, it could conclude that her supervisor took actions against her for taking protected leave.  A jury might also find persuasive the fact that record evidence shows Corcoran cited attendance-related issues in evaluating Plaintiff.  Because Defendants now say attendance had nothing to do with Plaintiff's termination, the Court finds that a jury could conclude the proffered reasons are untrue and that FMLA retaliation was the real reason for Plaintiff's termination.  Finally, the Court finds Defendants' argument that they did not believe Plaintiff qualified for FMLA protection so their proferred reasons could not be pretextual actually requires a credibility determination.  Credibility determinations are in the province of juries. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Where an issue of fact depends upon a credibility determination, summary judgment is not appropriate.  Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991).

      Having thus concluded, the Court finds it appropriate to deny Defendants' motion and set this matter for final pretrial conference and for trial.  Before doing so, however, the Court would be remiss if it failed to compliment counsel for both Defendants and for Plaintiff, for their excellent oral argument before the Court.  The Court was impressed with counsel and their mastery of their respective positions at the December 2, 2009

hearing, which greatly assisted the Court in rendering its opinion.

Accordingly, the Court DENIES Defendants' Motion for Summary Judgment (doc. 22), SETS this matter for final pretrial conference at 2:00 P.M. on February 18, 2010, and for a three-day jury trial on March 16, 2010.

SO ORDERED.

Dated: December 22, 2009        /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge